J-A10027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                            :             PENNSYLVANIA
                                            :
              v.                          :
                                            :
                                            :
ALI E. DAVIS                             :
                                            :
              Appellant          :     No. 1206 EDA 2020

Appeal from the PCRA Order Entered April 16, 2020
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002141-2008

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:          **FILED SEPTEMBER 16, 2021**

Appellant, Ali E. Davis, appeals from the April 16, 2020 order[1] dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Counsel for Appellant, Robert C. Patterson, Esquire ("Attorney Patterson"), filed a **Turner/Finley**[2] no-merit brief and a petition

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] In his *pro se* notice of appeal, Appellant appeals the order "denying and dismissing his PCRA petition as being time[-]barred filed November 21, 2018." Notice of Appeal, 5/28/20.  A review of the record demonstrates that Appellant filed the PCRA petition that is the subject of the instant appeal on November 21, 2018, and that the order denying that petition was entered April 16, 2020. The caption has been corrected accordingly.  Moreover, because the *pro se* filing of a notice of appeal protects a petitioner's constitutional right to an appeal, such a *pro se* filing from a litigant who is represented by counsel does not offend the considerations of hybrid representation. **See Commonwealth v. Williams**, 241 A.3d 354, 355 (Pa. Super. 2020).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

to withdraw as counsel. We grant counsel's petition to withdraw and affirm the April 16, 2020 order.

A prior panel of this Court summarized the factual and procedural history of this case as follows:

> On November 27, 2007, Appellant along with three co-defendants entered the victims' residence in the City of Easton, Northampton County, Pennsylvania. Appellant transported his co-defendants to the residence in his mother's vehicle. Appellant, along with his three co-defendants[,] entered the residence. Testimony established that three [members] of this group converged upon an upstairs bedroom where they open[ed] fire[] in an "execution style" killing [on] three individuals, one adult male and two adult females. The testimony adduced at trial indicated that shortly before Appellant entered the residence, he was [given] a handgun of the same caliber that was used in the "execution style" homicides.

> Following a jury trial, Appellant was convicted on January 25, 2010[,] of three counts of first[-]degree murder, 18 Pa.C.S.A. § 2502(a) and [three counts of] conspiracy to commit [first-degree] murder, 18 Pa.C.S.A. § 903(a)(1).[3] The jury did not find the necessary support for the imposition of the death penalty. As a result, the trial court sentenced Appellant on January 27, 2010[,] to three

---

[3] Appellant was also convicted of three counts of third-degree murder, 18 Pa.C.S.A. § 2502(c), and three counts of conspiracy to commit third-degree murder, 18 Pa.C.S.A. § 903, which for purposes of sentencing merged with his convictions of first-degree murder and conspiracy to commit first-degree murder because those offenses involved Appellant's killing of the same three persons. **See** 42 Pa.C.S.A. § 9765 (stating, "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the [trial] court may sentence the defendant only on the higher graded offense.").

mandatory life sentences of incarceration without the possibility of parole to run consecutive to each other.

Appellant filed post-sentence motions which were subsequently denied by the trial court. Thereafter, Appellant filed a direct appeal to this Court on August 9, 2010. [This Court] affirmed Appellant's judgment of sentence on July 18, 2011. *Commonwealth v. Davis*, 32 A.3d 272 (Pa. Super. 2010) (unpublished memorandum). Appellant's petition for allowance of appeal was denied by [our] Supreme Court [] on May 30, 2012. *Commonwealth v. Davis*, 47 A.3d 844 (Pa. 2012). On July 30, 2012, Appellant filed a [PCRA petition, his first,] wherein he raised [a claim of] ineffectiveness of trial counsel. The PCRA court appointed Christopher Brett, Esquire [("Attorney Brett")] to represent Appellant in his PCRA proceedings. A PCRA hearing was held on January 15, 2014[, and January 22, 2014]. On February 17, 2014, the PCRA court issued an order and accompanying statement of reasons dismissing Appellant's PCRA petition. A copy of the order dismissing Appellant's PCRA petition was "hand[-]delivered" to Attorney Brett, counsel of record for Appellant[,] on February 18, 2014. No timely appeal was filed by Attorney Brett on behalf of Appellant following the dismissal of his PCRA petition.

PCRA Court Opinion, 3/12/2015, at 1–3 (record citations omitted).

Thereafter, Appellant pursued reinstatement of his direct appeal rights with both the PCRA court and this Court. The PCRA court appointed [James F. Brose, Esquire ("Attorney Brose") as] counsel to represent Appellant. Eventually, on January 15, 2016, the PCRA court entered an order reinstating Appellant's right to appeal from the [February 17, 2014 order denying] his first PCRA petition[.]

*Commonwealth v. Davis*, 2017 WL 815395, at *1-2 (Pa. Super. filed March 1, 2017) (unpublished memorandum) (original brackets, ellipsis, and footnote omitted).

On March 1, 2017, this Court affirmed the February 17, 2014 order dismissing Appellant's PCRA petition and granted Attorney Brose's petition to

withdraw as counsel for Appellant. *Id.* at \*1. Appellant did not seek discretionary review by our Supreme Court.

On November 21, 2018, Appellant filed *pro se* a PCRA petition, his second.[4] On November 30, 2018, the PCRA court appointed Talia Mazza, Esquire ("Attorney Mazza") to represent Appellant and scheduled an issue-framing conference for January 2019.[5] On December 21, 2018, however, the PCRA court provided Appellant notice, pursuant to Pa.R.Crim.P. 907, of its intent to dismiss his PCRA petition without a hearing within 20 days of said order. On January 6, 2019, Appellant filed *pro se* his objections to the PCRA court's notice of intent to dismiss his PCRA petition. On January 30, 2019, the PCRA court dismissed Appellant's PCRA petition as time-barred pursuant to 42 Pa.C.S.A. § 9545(b). Appellant filed *pro se* a notice of appeal. On October 4, 2019, this Court vacated the January 30, 2019 order dismissing Appellant's PCRA petition and remanded the case "for the PCRA court to determine the status of [Appellant's] representation in these proceedings."

---

[4] Appellant's PCRA petition was captioned "Motion for Permission to File a Successive Petition for Post-Conviction Relief, 42 Pa.C.S.[A.] § 9541 *et seq.*, and In Accordance with the Recent Decision of the Pennsylvania Supreme Court in *Commonwealth v. Fulton*" which the PCRA court correctly treated as a PCRA petition. *See Commonwealth v. Hromek*, 232 A.3d 881, 884 (Pa. Super. 2020) (stating, "so long as a pleading falls within the ambit of the PCRA, the [PCRA] court should treat any pleading filed after the judgment of sentence is final as a PCRA petition").

[5] The issue-framing conference was originally scheduled for January 4, 2019, and subsequently rescheduled for January 11, 2019.

*Commonwealth v. Davis*, 2019 WL 4899219, at *3 (Pa. Super. filed October 4, 2019) (unpublished memorandum).

On December 30, 2019, Attorney Mazza filed a petition to withdraw as Appellant's counsel and a *Turner/Finley* no-merit letter in which Attorney Mazza concluded that there existed no meritorious issues to raise on Appellant's behalf. On January 10, 2020, the PCRA court granted Attorney Mazza's petition to withdraw and appointed Tyree A. Blair, Esquire ("Attorney Blair") as PCRA counsel for Appellant. In the same order, the PCRA court granted Attorney Blair 20 days in which to file an amended PCRA petition.[6] On January 22, 2020, the PCRA court appointed Attorney Patterson as PCRA counsel due to a conflict Attorney Blair had with representing Appellant.

On February 14, 2020, the PCRA court provided Appellant notice, pursuant to Rule 907, of its intent to dismiss his PCRA petition without a hearing because the petition was untimely and without exception pursuant to 42 Pa.C.S.A. § 9545(b). On March 3, 2020, Appellant filed *pro se* his

_____

[6] In granting Attorney Blair 20 days in which to file an amended PCRA petition, the PCRA court stated,

> While [the PCRA] court understands that [Appellant] is not automatically entitled to PCRA counsel for a successive PCRA petition that appears on its face to be untimely, because this is a first[-]degree murder conviction, [Appellant] should have the opportunity to have meaningful consultation with counsel with regard to his alleged issues and that counsel can then appropriately respond to [the PCRA court's] notice to dismiss.

PCRA Court Order, 1/10/20, at 3 (extraneous capitalization omitted).

objections to the PCRA court's notice of its intent to dismiss his PCRA petition. On March 25, 2020, Attorney Patterson submitted a **Turner/Finley** no-merit letter in which Attorney Patterson concluded that Appellant's November 21, 2018 PCRA petition was untimely and without exception.[7] In his no-merit letter, Attorney Patterson proffered that the PCRA court was without jurisdiction to address the merits of the instant PCRA petition because the petition was untimely and without exception. Attorney Patterson did not file a petition with the PCRA court seeking to withdraw as Appellant's counsel. On April 16, 2020, the PCRA court dismissed Appellant's PCRA petition as untimely and without exception. On May 28, 2020, Appellant filed *pro se* a notice of appeal.[8] On June 3, 2020, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[7] Attorney Patterson states in his March 25, 2020 **Turner/Finley** no-merit letter that, "[t]his letter brief is amended from the brief submitted to the [PCRA] court on February 26, 2020[.]" No-Merit Letter, 3/25/20, at unnumbered page 1. A copy of Attorney Patterson's February 26, 2020 no-merit letter does not appear in the certified record. At the March 24, 2020 evidentiary hearing, however, Appellant acknowledged receipt of Attorney Patterson's February 26, 2020 no-merit letter. N.T., 3/24/20, at 3-4.

[8] Appellant's *pro se* notice of appeal was timely filed pursuant to this Court's March 17, 2020 administrative order extending the period in which to file an appeal of an order entered between March 17, 2020, and April 17, 2020, by 30 days. **See In Re: Statewide Judicial Emergency – Suspension Superior Court of Pennsylvania**, No. 3 Administrative Docket, at ¶C (Pa. Super. filed March 17, 2020).

Appellant filed *pro se* his Rule 1925(b) statement on June 22, 2020.[9]  The

PCRA court subsequently filed its Rule 1925(a) statement on June 24, 2020.

On November 23, 2020, Attorney Patterson filed a **Turner/Finley** brief

with this Court in which Attorney Patterson reiterates that Appellant's PCRA

petition is untimely and without exception and, therefore, failed to invoke the

jurisdiction of the PCRA court, as well as this Court.  **Turner/Finley** Brief at

8.  On November 30, 2020, Attorney Patterson filed a petition to withdraw as

Appellant's counsel, which this Court denied without prejudice because

Attorney Patterson failed to include with his petition "proof of the notice

provided to Appellant[] informing him of his right to retain counsel or proceed

*pro se*[.]"[10]  **See** Petition to Withdraw as Counsel, 11/30/20; **see also** *Per*

---

[9] Appellant's *pro se* Rule 1925(b) statement is a legal nullity because Appellant, at the time he filed the Rule 1925(b) statement *pro se*, was represented by Attorney Patterson.  **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (stating that, a *pro se* Rule 1925(b) statement is a legal nullity when the petitioner is represented by counsel on appeal); **see also Williams**, 241 A.3d at 354 n.1 (explaining that, with limited exception, hybrid representation is not permitted in this Commonwealth).  The failure to file a Rule 1925(b) statement, in the case *sub judice*, is of no consequence, however, because our overall disposition, which turns exclusively on the untimely nature of Appellant's request for collateral relief, rests upon lack of jurisdiction which is an issue that we can consider on our own, regardless of whether it was properly preserved before the PCRA court.  **See Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (holding that, an appellate court may consider the timeliness of a PCRA petition *sua sponte* because it implicates appellate jurisdiction).

[10] When counsel files a petition to withdraw as PCRA counsel with this Court in conjunction with a **Turner/Finley** no-merit brief, a technical prerequisite of **Turner/Finley** mandates that counsel's petition to withdraw demonstrate

*Curiam* Order, 12/14/20. On January 4, 2021, Attorney Patterson filed with this Court a copy of a letter addressed to Appellant in which Attorney Patterson advised Appellant, "[i]f I am granted leave of court to withdraw, you may still proceed with the PCRA petition, however, not with court[-]appointed counsel. You may proceed *pro se* or with retained counsel." **See** Letter from Patterson to Appellant, 1/4/21. In a January 11, 2021 *per curiam* order, this Court directed Attorney Patterson to file a copy of a letter advising Appellant "of his immediate right to proceed *pro se* or with privately[-]retained counsel" in accordance with **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016).[11] *Per Curiam* Order, 1/11/21 (emphasis omitted). On February 16, 2021, Attorney Patterson filed a copy of a letter addressed to Appellant, dated January 12, 2021, which stated, *inter alia*, "as I have filed an [a]pplication to [w]ithdraw my appearance in your case, you have the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." **See** Letter from Patterson to Appellant, 2/16/21. Appellant has not filed a response.

---

that the petitioner received a copy of the **Turner/Finley** no-merit brief, a copy of counsel's petition to withdraw, and a statement advising the petitioner of the right to proceed *pro se* or by new counsel. **Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007).

[11] In **Muzzy**, this Court reiterated that, "the [**Turner/Finley** no-merit] letter to the client, *inter alia*, shall inform the PCRA petitioner that upon the filing of counsel's petition to withdraw, the petitioner-appellant has the immediate right to proceed in the appeal *pro se* or through privately-retained counsel." **Muzzy**, 141 A.3d at 512.

The ***Turner/Finley*** brief raises the following issue for our review: "Is Appellant's appeal without merit because his PCRA petition is untimely?" ***Turner/Finley*** Brief at 3.[12]

Preliminarily, we address counsel's ***Turner/Finley*** brief and accompanying petition to withdraw as counsel. When PCRA counsel is of the opinion that a petitioner's appeal is without merit and counsel seeks to withdraw,

> ***Turner/Finley*** counsel must review the case zealously [and] then submit a no-merit [brief] to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the no-merit []brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed *pro se* or by new counsel.

***Wrecks***, 931 A.2d at 721 (quotation marks, citations, and original paragraph formatting omitted). If counsel satisfies the technical requirements of ***Turner/Finley***, then this Court must conduct its own review of the merits of the case. ***Id.*** If this Court agrees with counsel that the claims are without merit, then counsel will be permitted to withdraw. ***Id.***

Instantly, we determine that Attorney Patterson substantially complied with the requirements of ***Turner/Finley***. The ***Turner/Finley*** brief details

---

[12] The Commonwealth, in a letter dated December 1, 2020, indicated that it did not intend to file a substantive brief in this matter and that it concurred with Attorney Patterson's assessment that Appellant's appeal was properly denied as untimely and without exception.

that Attorney Patterson conducted a review of Appellant's case, including Appellant's claim of ineffective assistance of trial counsel, but ultimately determined that the PCRA court was without jurisdiction to address Appellant's claim because his PCRA petition was patently untimely and without exception. Specifically, Attorney Patterson highlights Appellant's argument that our Supreme Court's decision in *Commonwealth v. Fulton*, 179 A.3d 475 (Pa. 2018) created a new constitutional right that applied retroactively and, therefore, satisfied the after-recognized constitutional right exception to the PCRA's jurisdictional time-bar under 42 Pa.C.S.A. § 9545(d)(1)(iii). Attorney Patterson argues, however, that Appellant's "reliance on [] *Fulton, supra*, does not satisfy the requirements of the [after-recognized constitutional right] exception to an untimely [PCRA] petition." *Turner/Finley* Brief at 8. Attorney Patterson provided Appellant with a copy of his *Turner/Finley* no-merit brief and a copy of his petition to withdraw as counsel, as demonstrated by his January 12, 2021 letter to Appellant. Moreover, Attorney Patterson advised Appellant that he had the immediate right to proceed in the appeal *pro se* or through privately-retained counsel. As counsel substantially complied with the *Turner/Finley* requirements to withdraw from representation, we now review whether the PCRA court correctly dismissed Appellant's PCRA petition as untimely and without a valid exception.

Proper appellate review of a PCRA court's dismissal of a petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*,

102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Our Supreme Court has instructed that the timeliness of a PCRA petition is jurisdictional. If a PCRA petition is untimely, courts lack jurisdiction over the petition. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Here, Appellant was sentenced on January 27, 2010. This Court affirmed his judgment of sentence on July 18, 2011, and our Supreme Court subsequently denied his petition for allowance of appeal on May 30, 2012. Therefore, Appellant's judgment of sentence became final on August 28, 2012, upon expiration of the time in which to seek discretionary review with the Supreme Court of the United States. U.S. Sup. Ct. R. 13(1) (stating, "A petition for *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after the entry of the order denying discretionary review."); *see also* 42 Pa.C.S.A. § 9545(b)(3). Consequently, Appellant's instant PCRA petition filed on November 18, 2018, more than six years after his judgment of sentence became final, is patently untimely.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after[-]recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed

within one year of the date that the claim could have been presented.[13]   42

Pa.C.S.A. § 9545(b)(2).  If a petitioner fails to invoke a valid exception to the

PCRA time-bar, courts are without jurisdiction to review the petition and

provide relief.  ***Spotz***, 171 A.3d at 676.

Here, Appellant asserts that our Supreme Court's decision in ***Fulton,***

***supra***, constituted a newly-discovered fact that satisfies the exception under

Section 9545(b)(1)(ii) because it was previously unknown to Appellant.

Appellant's PCRA Petition, 11/21/18, at ¶7.  Appellant further asserts that the

***Fulton*** Court created a new constitutional right, namely that the Fourth

Amendment of the United States Constitution protects a defendant against

unlawful searches and seizures of his, or her, cellular telephone by requiring

a police officer to obtain a warrant in order to conduct a lawful search.[14]  ***Id.***

---

[13] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year.  42 Pa.C.S.A. § 9545(b)(2).  This amendment applies to claims arising one year prior to the effective date of the amendment, that is to say, arising December 24, 2017, or later.  Act. 2018, Oct. 24, P.L. 894, No. 146, § 3.  Because Appellant filed his second PCRA petition on November 21, 2018, this amendment applies to the instant case.

[14] The Fourth Amendment of the United States Constitution provides,

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

at ¶8.  Appellant contends that the new constitutional right purportedly created by the **Fulton** Court applied retroactively and, therefore, the evidence obtained from a search of his cellular telephone should have been suppressed. **Id.** at ¶11.

A "PCRA petitioner bears the burden of proving the applicability of one of the exceptions" to the jurisdictional time-bar.  **Spotz**, 171 A.3d at 678.  The newly-discovered facts exception "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."  **Commonwealth v. Small**, 238 A.3d 1267, 1271 (Pa. 2020) (original quotation marks omitted).  Our Supreme Court recently held that a judicial decision does not constitute a "fact" for purposes of the newly-discovered facts exception.[15]  **Reid**, 235 A.3d at 1146.  Consequently, Appellant's argument that our Supreme Court's decision in **Fulton, supra**, satisfies the newly-discovered facts exception is without merit.

In order to invoke the after-recognized constitutional right exception under Section 9545(b)(1)(iii), the petitioner must demonstrate that the right asserted is "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the

---

[15] Our Supreme Court explained that the newly-discovered facts exception was "not designed to reward this type of piggyback litigation; instead, it is designed to provide a limited timeliness exception for newly-discovered facts in one's own case.''  **Reid**, 235 A.3d at 1146 n.14.

time[-]period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). In **Fulton**, our Supreme Court reiterated that, a law enforcement officer violates a defendant's Fourth Amendment Right against unlawful searches and seizures if the officer fails to first obtain a search warrant prior to accessing and obtaining information from the defendant's cellular telephone. **Fulton**, 179 A.3d at 489. The **Fulton** Court did not hold that its decision retroactively applied, as is required by the after-recognized constitutional right exception.[16] **Id.** at 496. Consequently, Appellant's assertion that this judicial decision announced an after-recognized constitutional right, thereby establishing an exception to the jurisdictional time-bar, is without merit.

Based upon our review of the record, we concur that Appellant's PCRA petition is untimely and without an exception. Therefore, the PCRA court lacked jurisdiction to address the merits of Appellant's claim, and we may not address it on appeal. Accordingly, we grant counsel's petition to withdraw and affirm the April 16, 2020 order dismissing Appellant's PCRA petition.

Petition to withdraw granted. Order affirmed.

---

[16] Moreover, the record demonstrates that, in the case *sub judice*, the police officers obtained a search warrant prior to accessing and obtaining information from Appellant's cellular telephone. N.T., 5/4/09, at 42.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/16/2021*